IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE YOUNG                                                                                                    PLAINTIFF

v.                                                  Civil No. 4:20-cv-4048

DR. DAYRL ALKINS, Jail Doctor,
Nevada County Detention Facility                                                          DEFENDANT

## **ORDER**

Currently before the Court is Plaintiff Willie Young's failure to obey two Court orders. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on June 11, 2020. (ECF No. 1). However, Plaintiff failed to submit a signed certificate of account with his *in forma pauperis* ("IFP") application. (ECF No. 2).

That same day, the Court entered an order directing Plaintiff to either have the certificate portion of his IFP application completed by the appropriate detention center official and return it to this Court for review and filing, or pay the $350 filing fee and $50 administrative fee, a total of $400, on or before June 30, 2020. (ECF No. 3). The order informed Plaintiff that failure to timely and properly comply with the order would subject this case to dismissal. To date, Plaintiff has not complied with the Court's order to submit a completed IFP application or pay the filing fee, and the Court's June 11, 2020 order has not been returned as undeliverable.

On July 1, 2020, the Court ordered Plaintiff to show cause by July 13, 2020, as to why he failed to comply with a court order directing him to submit a completed IFP application or pay the filing fee. (ECF No. 5). The order informed Plaintiff that failure to show cause by the Court's

imposed deadline would result in the case being dismissed without prejudice. To date, Plaintiff has not responded, and the show cause order has not been returned as undeliverable.

Although *pro se* pleadings must be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of July, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge